UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD J. PICCIANO,

                            Plaintiff,

  -against-

STEPHAN McLOUGHLIN,

                            Defendant.

---

**REPLY AFFIDAVIT IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Civil Action No. 07-CV-781 (NAM/GHL)

STATE OF NEW YORK    )
                                   ) ss.:
COUNTY OF ALBANY     )

JOHN F. MOORE, ESQ., being duly sworn, deposes and states as follows:

1. I am an attorney duly admitted to practice law in the State of New York and before the United States District Court of Northern District of New York. I am a member of the law firm of Ryan and Smallacombe, PLLC, attorneys for the defendant, Stephan McLoughlin, with respect to the above-referenced matter.

2. I make this affidavit in further support of the motion for summary judgment filed by defendant pursuant to F.R.C.P. §56, and in response to the papers submitted in opposition on behalf of the plaintiff.

3. It is defendant's contention, for the reasons set forth below, in the papers submitted with these reply papers and in defendant's previously filed papers, that plaintiff's claims of excessive force as against the police officer defendant should be dismissed.

I. **SEVERAL OF THE FACTUAL ASSERTIONS IN PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 7.1(a)(3) ARE NOT SUPPORTED BY RECORD CITES, OR FAIL TO ADMIT AND/OR DENY DEFENDANT'S ASSERTIONS AS REQUIRED BY THE LOCAL RULES.**

4. The clear mandate of Rule 7.1(a)(3) requires that a party either admit or deny an offered statement of material fact that support all denials with record cites. Plaintiff at ¶10 and 11 of his statement of material facts does not support his denials with record cites.

5. Further, in several other paragraphs of his Rule 7.1 response, plaintiff neither admits nor denies defendant's offered statement of material facts, and indicates that he "cannot admit or deny" the asserted fact. These include ¶s "2", "3", "49", "54", "63" and "66". As set forth in the accompanying memorandum of law, these paragraphs should be deemed admitted.

II. **THE CREDIBLE, UNDISPUTED TESTIMONY INDICATES THAT OFFICER McLOUGHLIN'S USE OF FORCE WAS JUSTIFIED.**

6. Plaintiff's opposition papers point to a number of factual discrepancies between plaintiff Richard Picciano's testimony and defendant Officer McLoughlin's testimony to support the contention that defendant's motion for summary judgment should be denied. These discrepancies include:

    a. whether or not Picciano walked away from McLoughlin while McLoughlin was trying to effect the arrest (McLoughlin says he did, plaintiff says he did not);

    b. whether Picciano landed on his back or face down when McLoughlin took him to the ground;

    c. whether Picciano stuck his fingers in his nose and thus caused his bloody nose (as McLoughlin testified), or

    d.  whether McLoughlin either punched or impacted plaintiff's face with a pepper spray can while administering pepper spray (as plaintiff, Smart and Norcross claim).

7. It is defendant's contention that these factual discrepancies do not lead to a question of fact as to the germane issues in this case specifically (a) whether plaintiff was resisting arrest; and (b) whether McLoughlin's undisputed actions – bringing plaintiff down to the ground and applying pepper spray – were objectionably reasonable.

8. It is respectfully submitted that if those facts which are absolutely undisputed are considered by this Court, the only conclusion could be that an officer of reasonable competence could have made the same choices in similar circumstances.

9. For example, it is undisputed that non-party witness Ed Rizzo observed the plaintiff take a step back from Officer McLoughlin when the plaintiff was advised that he was under arrest. (See, defendant's Rule 7.1 statement and plaintiff's response, and citations therein, ¶37). Further, Ed Rizzo indicated that plaintiff did not put his hands behind his back, waived his arms around, and questioned Officer McLoughlin as to why he was being arrested. (Id., ¶39). Both Ed and Matt Rizzo observed the plaintiff place one hand out to his side while the Officer was attempting to handcuff him. (Id., ¶¶40-41, 83-86). Plaintiff himself admitted that after he was instructed to place his arms behind his back, he held them out from his body and asked why he was getting arrested, and indeed plaitnfif's own responsive Rule 7.1 statement points out "Mr. Picciano put his hands behind his back *before holding them out from his body*", clearly indicating that the plaintiff continued to refuse to comply with the Officer's directive. (Id., ¶42). There is also no dispute that when the Officer took plaintiff's left arm, his other hand was not behind his

back when the Officer grabbed his arm, and the plaintiff turned toward the Officer and asked why he was being arrested, claiming the arrest to be "bullshit". (Id., ¶¶44-47).

10. Indeed, witness Matthew Rizzo, plaintiff's own friend, and an individual who is now employed as a military police officer, clearly testified that it was his opinion that Officer McLoughlin "must have thought that he [plaintiff] was turning on him or something, you know, like squaring up to him." (Id., ¶53; Ex. "K", M. Rizzo EBT, pp. 15-16).

11. These facts are undisputed in this record. It is respectfully submitted that despite the discrepancy in certain facts (whether plaintiff walked away, whether plaintiff put his fingers in his nose, whether McLoughlin punched or hit the plaintiff's face with his pepper spray can), the undisputed record evidence indicates that plaintiff unequivocally did not comply with the Officer's directive to submit to handcuffs, thus necessitating that the Officer "take down" the plaintiff and apply pepper spray to obtain compliance.

12. It is respectfully submitted that this Court should examine the entire record and conclude that Officer McLoughlin's actions cannot be found objectionably unreasonable by any jury because an officer of reasonable confidence could have made the same choice in similar circumstances. For similar reasons, as set forth in the previously submitted papers and accompanying reply memorandum, Officer McLoughlin is entitled to qualified immunity. Also, as set forth in defendant's originally submitted papers, plaintiff's claims for punitive damages are without merit.

13. For these reasons and the reasons articulated in these papers, the papers accompanying this reply affidavit and those papers previously submitted in support of this motion, defendant's motion for summary judgment should be granted, and plaintiff's complaint should be dismissed in its entirety.

DATED: September 22, 2008

_____
JOHN F. MOORE

Sworn to before me this
22nd day of September, 2008

_____
Notary Public of the State of New York

KEYNA H[...]
Notary Public, State of New York
No. 01KA5[...]
Qualified in Washington County
Commission Expires May [...]

193.4144/Reply Atty Aff 9-08