UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD J. PICCIANO,

                                        Plaintiff,

        -against-                                              Civil Action No. 07-CV-781
                                                               (NAM/GHL)

STEPHAN MCLOUGHLIN,

                                        Defendant.

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RYAN & SMALLACOMBE, PLLC
Attorneys for Defendant – Stephen McLoughlin
*Office and P.O. Address:*
100 State Street, Suite 800
Albany, New York 12207
Tel. No.: (518) 449-5501

JOHN F. MOORE, ESQ.
JAMES DALTON TAYLOR, ESQ.

## TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

POINT I
    PLAINTIFF'S RESPONSIVE STATEMENT OF MATERIAL
    FACTS DOES NOT COMPLY WITH THE LOCAL RULES,
    AND SEVERAL PARAGRAPHS THEREIN SHOULD BE
    DEEMED ADMITTED. .....................................................................................1

POINT II
    SUMMARY JUDGMENT SHOULD BE GRANTED
    ON PLAINTIFF'S EXCESSIVE FORCE CLAIM. ..........................................2

A.    Officer McLoughlin was authorized to arrest the plaintiff for
    skateboarding under the Municipal Code of the City of Auburn.......................2

B.    The force used by Officer McLoughlin against the plaintiff was
    reasonable under the circumstances....................................................................4

POINT III
    THE FACTUAL DISPUTES POINTED TO BY PLAINTIFF
    ARE INSUFFICIENT TO PRECLUDE DEFENDANT'S
    ENTITLEMENT TO A QUALIFFIED IMMUNITY DEFENSE......................8

CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**CASE:**                                                                                                      **PAGE NO.**

Ahern v. City of Syracuse,
    411 F.Supp.2d 132 (N.D.N.Y. 2006)................................................................6

American Land Title Ass'n v. Clarke,
    96 F.2d 150 (2d Cir. 1992), *cert. denied*, 508 U.S. 971,
    113 S.Ct. 2959, 125 L.Ed.2d 660 (1993)............................................3

Anderson v. Creighton,
    483 U.S.635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)........................8

Atkins v. New York City,
    143 F.3d 100 (2d Cir. 1998)..............................................................5

Atwater v. City of LocaVista,
    532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001)....................4

Auburn Housing Auth. v. Martinez,
    277 F.3d 138 (2d Cir. 2002)..............................................................3

Breen v. Garrison,
    169 F.3d 152 (2d Cir. 1999)..............................................................6

Carr v. Deeds,
    453 F.3d 593 (4th Cir. 2006) ..........................................................6

Connecticut v. U.S. Dep't of the Interior,
    228 F.3d 82 (2d Cir. 2000)................................................................3

Duncan v. Walker,
    533 U.S. 167, 121 S.Ct. 12120, 150 L.Ed.2d 251 (2001)..................3

Graham v. Connor,
    490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)..............4-5, 6

Lawrence v. Thomson Learning, Inc.,
    2007 U.S. Dist. LEXIS 39988 (N.D.N.Y. 2007) ...............................2

Lennon v. Miller,
    66 F.3d 416, (2d Cir. 2005)..........................................................................7

Margan v. Niles,
    250 F.Supp.2d 63 (N.D.N.Y. 2003) ...........................................................1

Morton v. Mancari,
    417 U.S. 535, 94 S.Ct. 2474,
    41 L.Ed.2d 290 (1974) ...............................................................................3

New York v. Class,
    475 U.S. 106, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986) ..........................4

Papineau v. Parmley,
    465 F.3d 46 (2d Cir. 206)...........................................................................5

Romano v. Howarth,
    998 F.2d 101 (2d Cir. 1993)......................................................................6

Saucier v. Katz,
    533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).................8, 9, 10

Swift v. Mauro,
    2008 WL 207793 (N.D.N.Y. 2008) .......................................................8, 10

Terry v. Ohio,
    392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) .............................6

United States of America v. Jackson,
    548 F.Supp.2d 24 (W.D.N.Y. 2008) .......................................................4

United States v. Menasche,
    348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615 (1955)................................3

Washpon v. Parr,
    561 F.Supp.2d 394, 2008 U.S. Dist. LEXIS 44602
    (S.D.N.Y. June 4, 2008)............................................................................6

Wilson v. Layne,
    526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)....................10

**STATUTES:**

**NDNY Local Rules:**

N.D.N.Y. Local Rule 7.1(a)(3) ...................................................................................................1

**Local Statutes:**

City of Auburn Municipal Code §1-18 .........................................................................................2

City of Auburn Municipal Code §234-16 .................................................................................2, 3

City of Auburn Municipal Code §234-17 .....................................................................................2

## PRELIMINARY STATEMENT

This reply memorandum of law submitted in response to plaintiff's various papers submitted in opposition to defendant's motion for summary judgment. For the reasons set forth below, in the accompanying reply affidavit of John F. Moore, Esq., in defendant's response to plaintiff's additional Rule 7.1(a)(3) statement of material facts, and in defendant's previously submitted papers, defendant's motion for summary judgment should be granted in full.

## POINT I

### PLAINTIFF'S RESPONSIVE STATEMENT OF MATERIAL FACTS DOES NOT COMPLY WITH THE LOCAL RULES, AND SEVERAL PARAGRAPHS THEREIN SHOULD BE DEEMED ADMITTED.

Local Rule 7.1(a)(3) sets forth, in relevant part, with respect to a non-moving party's burden in a responsive statement of material facts, that: "Once such a statement is submitted, the party opposing summary judgment shall file a response to the [movant's] Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issues arises." N.D.N.Y. L.R. 7.1(a)(3).

As is set forth in the accompanying reply affidavit at ¶2, paragraphs 10 and 11 in plaintiff's responsive Rule 7.1 statement are unsupported by any citations to the record, and thus must be deemed admitted under the local rules. Margan v. Niles, 250 F.Supp.2d 63, 67, Fn.1 (N.D.N.Y. 2003). Elsewhere in his Rule 7.1 statement at ¶¶2, 3, 49, 54, 63 and 66, plaintiff responds by stating that he "cannot admit or deny" the stated facts. (Reply Affidavit of John F. Moore, Esq., ¶¶4-5). It has been held that such responses are insufficient to create an issue of

1

fact and should be deemed admitted.  <u>Lawrence v. Thomson Learning, Inc.</u>, 2007 U.S. Dist. LEXIS 39988, *6, Fn.4 (N.D.N.Y. 2007).[1]

**POINT II**

**SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFF'S EXCESSIVE FORCE CLAIM.**

For the reasons set forth below, plaintiff's arguments with respect to his excessive force claim do not create a question of fact sufficient to preclude summary judgment.

**A.     Officer McLoughlin was authorized to arrest the plaintiff for skateboarding under the Municipal Code of the City of Auburn.**

Chapter §234 of the Municipal Code of the City of Auburn, specifically §234-17, **"Penalties for Offenses"**, states that "any person violating *any* provision of this Chapter shall be punished as provided in Chapter 1, §1-18 of this Municipal Code."  (City of Auburn, Code §234-17, Ex. "E", to Moore Affidavit, BS0000037-38).  Article I of the City of Auburn Municipal Code, which was annexed to the previously submitted memorandum of law as Ex. "A", states:

> "§1-18. General penalty.
> Unless otherwise specifically provided, the violation of any chapter, rule or regulation or any specific provision or provisions thereof adopted by the Council as a part of this Code shall be deemed a violation against such chapter, rule, regulation, or provisions of this Code punishable by a fine not to exceed $250 or imprisonment of not more than 15 days, or both such fine and imprisonment; provided, however, that for the purpose of conferring jurisdiction upon courts and judicial officers generally, such violation shall be deemed a misdemeanor and for such purpose only all provisions of law relating to misdemeanors shall apply to such violation, except the right to a jury trial.  Each day that a violation continues shall be deemed to be a separate violation."  (Ex. "A" to previous Memorandum of Law, §1-18).

Plaintiff's counsel is correct that the anti-skateboarding provision contained in §234-16 of the Code does provide a penalty scheme in subparagraph "E" which is quoted on p. 5 of plaintiff's memorandum of law.  However, it is clear from a review of that provision that it only

---

[1]  A copy of this decision is annexed hereto as Ex. "1" in accordance with the Local Rules.

2

sets forth a procedure for seizing a skateboard and fining the offender, and does not by its terms in any way specifically change or supersede the portion of §1-18 which defines such violation as a misdemeanor for the purpose of conferring jurisdiction upon courts and other judicial officers.

Under accepted rules of statutory construction, §234-16(E) does not invalidate the entire penalty provision as set forth in §1-18. As stated in <u>American Land Title Ass'n v. Clarke</u>, a case cited by plaintiff, "where two statutes conflict, the statute that addresses the matter under consideration in specific terms controls over one that does so in a general matter, unless of course [the legislature]...has manifested a clear intent to the contrary." <u>American Land Title Ass'n v. Clarke</u>, 96 F.2d 150, 157 (2d Cir. 1992). Thus, the *fine* schedule for a skateboard violation set forth in §234-16(E) controls, rather than the provision in §1-18 which provides for a "fine not to exceed $250". However, this does not mean that the remainder of §1-18 is invalidated. It is a Court's duty "to give effect to every clause and word of a statute". <u>Duncan v. Walker</u>, 533 U.S. 167, 174, 121 S.Ct. 12120, 150 L.Ed.2d 251 (2001).

Thus, absent a clear indication of legislative intent to the contrary, it is the court's duty to reconcile these provisions, if possible, so that both will have meaning. <u>Auburn Housing Auth. v. Martinez</u>, 277 F.3d 138, 145-6 (2d Cir. 2002); *citing* <u>U.S. v. Menasche</u>, 348 U.S. 528, 538, 75 S.Ct. 513, 99 L.Ed. 615 (1955) [stating that the "cardinal principle of statutory construction is to save and not to destroy"]; <u>Morton v. Mancari</u>, 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974) ["the courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.]; <u>Connecticut v. U.S. Dep't of the Interior</u>, 228 F.3d 82, 88 (2d Cir. 2000) [explaining that the court is required to disfavor an interpretation of a statue that renders language superfluous].

However, should the Court determine that the skateboarding provision contained in §234-16(E) of the Auburn Municipal Code is a fine only offense, the arrest of the plaintiff was still proper. In Atwater v. City of LocaVista, 532 U.S. 318, 121 S.Ct. 1336, 149 L.Ed.2d 549 (2001), the Supreme Court held that a warrantless arrest for a minor criminal offense such as a misdemeanor seat belt violation punishable by its terms only by a fine was not forbidden, where the arrest was supported by probable cause. In Atwater, the officer had witnessed a woman driving her vehicle while she and her children were unbelted in violation of the Texas seatbelt law, which was a fineable offense. Id. The officer chose to arrest the woman and transport her to the police station for prosecution prior to releasing her. The Court upheld the arrest as authorized. Id., 532 U.S. at 344-45.

The holding in Atwater was applied by the Western District of New York in the recent matter of U.S. v. Jackson, 548 F.Supp.2d 24 (W.D.N.Y. 2008). In Jackson, the Court's stated that the fact that a "violation" may be minor in nature is of no legal consequence for if an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender. Id., at 27; see also, New York v. Class, 475 U.S. 106, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986) [formal arrest permissible for a traffic offense under New York law].

Construing the above case law in connection with the subject provisions of the Auburn Municipal Code, it is clear that the arrest of the plaintiff for violation of the skateboarding ordinance was authorized under the Municipal Code.

**B.    The force used by Officer McLoughlin against the plaintiff was reasonable under the circumstances.**

The parties agree that Courts are to analyze claims for excessive force under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 395, 109

4

S.Ct. 1865, 104 L.Ed.2d 443 (1989).  As stated in defendant's previously submitted papers, it is Officer McLoughlin's position that he had probable cause to arrest the plaintiff for both skateboarding and resisting arrest.  These arguments will not be repeated herein.  However, in Points I.A. and C. of his brief, plaintiff appears to argue that, due to his contention that there is a question of fact as to whether the defendant officer had probable cause to arrest plaintiff for either skateboarding or resisting arrest, then necessarily any force used during the arrest was *per se* excessive.

However, in Papineau v. Parmley, 465 F.3d 46, 62 (2d Cir. 2006), the Second Circuit clarified a prior decision in Atkins v. New York City, 143 F.3d 100 (2d Cir. 1998), and reiterated that the existence of an unlawful seizure does not necessarily mean that the use of force during such seizure is *per se* excessive and unlawful.  More specifically, in Papineau, the Court rejected the argument that force used during an arrest without probable cause is *per se* excessive and, instead, emphasized that the same reasonableness standard articulated in Graham applies to those situations as well:

> "There was...no need for this Court in Atkins to reach the question of whether any force used in an arrest lacking probable cause is *per se* excessive.  Such a construction would reach the highly fact specific situation in which Atkins arose to broadly because it would appear to suggest that any force employed by a police officer would be unlawful so long as probable cause did not exist, even if the detainee had threatened the officer with significant harm.  We are further mindful that the Supreme Court held in Graham that "all claims that law enforcement officers have used excessive force...should be analyzed under the ...'reasonableness' standard" of the Fourth Amendment, thereby establishing a general requirement.  490 U.S. at 395 (emphasis in original).  The Atkins court clearly did not intend to create or substitute a new standard for arrests lacking probable cause, and the reasonableness test established in Graham, remains the applicable test for determining when excessive force has been used, including those cases where officers allegedly lack probable cause to arrest." Id., at 62.

Turning to whether the force used by Office McLoughlin to effect plaintiff's arrest was "reasonable" under the Fourth Amendment standard articulated in Graham, the Supreme Court

5

emphasized that the "reasonableness" of a particular use of force "must be judged from the prospective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396; *citing* Terry v. Ohio, 392 U.S. 1, 20-22, 88 S.Ct. 1868, 1879, 1881, 20 L.Ed.2d 889 (1968). Further, it is accepted that the force used by a defendant must be more than *de minimis* in order for a plaintiff's claim to be actionable. Id., 490 U.S. at 397; Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993). Indeed, *de minimis* injury "can serve as conclusive evidence that *de minimis* force was used." Washpon v. Parr, 561 F.Supp.2d 394, - - - ; 2008 U.S. Dist. LEXIS 44602, at *25 (S.D.N.Y. June 4, 2008); *citing*, Carr v. Deeds, 453 F.3d 593, 606 (4th Cir. 2006).

As a first matter, in the present case, as detailed in defendant's previously submitted motion papers, the record evidence indicates that plaintiff had a bloody nose as a result of this incident, is not aware of any other injury to his nose, and that when EMTs cleaned up his eyes and nose, they asked if plaintiff wanted to go to the hospital and he refused. (See defendant's Rule 7.1 Statement, and plaintiff's Response, ¶¶77-79, and citations therein).

Plaintiff's *de minimis* injuries aside, the admissible record evidence in this case makes clear that Officer McLoughlin's actions were objectively reasonable in that the alleged use of force was not serious enough to be actionable. In opposition, plaintiff relies upon this Court's decision in Ahern v. City of Syracuse, 411 F.Supp.2d 132 (N.D.N.Y. 2006). In that case, this Court pointed to inconsistencies between the accounts of the arrest of a skateboarder given by the plaintiff and the two police officer defendants, and this Court cited Breen v. Garrison, 169 F.3d 152, 153 (2d Cir. 1999) to support the conclusion that where the parties' versions of an arrest differ markedly, summary judgment on the issue of objective reasonableness should be denied. However, this case is distinguishable from the facts in Breen and Ahern. Here, it is

6

undisputed that there are some factual discrepancies with respect to the issues as to whether plaintiff walked away from the defendant officer, whether plaintiff landed on his back or face down when taken down by the officer, whether plaintiff stuck his fingers in his nose causing his bloody nose, and whether the defendant officer punched or impacted the plaintiff's face with a pepper spray can while applying pepper spray. However, it is respectfully submitted that the testimony of plaintiff and various non-party witnesses establish a number of absolutely undisputed facts, which should lead this Court to the conclusion that an officer of reasonable competence could have made the same choice as Officer McLoughlin in similar circumstances. *See*, Lennon v. Miller, 66 F.3d 416, 425 (2d Cir. 2005).

These facts, discussed more fully at ¶¶8-10 of the accompanying reply affidavit of John F. Moore, Esq. are undisputed in the record, and it is respectfully submitted that despite the discrepancy in certain facts (whether plaintiff walked away, whether plaintiff put his fingers in his nose, whether McLoughlin punched or hit the plaintiff's face with his pepper spray can), the undisputed record evidence indicates that plaintiff unequivocally did not comply with the Officer's directive to submit to handcuffs and his actions could have been reasonably interpreted, thus necessitating that the Officer "take down" the plaintiff and apply pepper spray to obtain compliance.

Looking at these undisputed facts from Officer McLoughlin's perspective (as an officer at the scene dealing with a clearly non-compliant arrestee, fully aware that recently, another officer had been punched and injured by an arrestee of the same age), the officer's actions in "taking down" the plaintiff and applying pepper spray when the plaintiff refused to comply with his directives (in a situation where Officer McLoughlin, alone, was surrounded by four other skateboarders who were shouting out warnings to the plaintiff) renders Officer McLoughlin's

actions objectionably reasonable from the perspective of an officer of reasonable competence in similar circumstances.

## POINT III

### THE FACTUAL DISPUTES POINTED TO BY PLAINTIFF ARE INSUFFICENT TO PRECLUDE DEFENDANT'S ENTITLEMENT TO A QUALIFIED IMMUNITY DEFENSE.

This Court's decision in Swift v. Mauro, 2008 WL 207793 (N.D.N.Y. 2008), cited by plaintiff and appended to his brief as Exhibit "2", sets forth in full the procedure for analyzing the qualified immunity claim in an excessive force matter. Id., at *4 - *7. As this Court wrote, quoting the Supreme Court's decision in Saucier v. Katz, "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquires concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition; and it too serves as to advance understanding of the law and to allow officers to avoid the burden of trial if qualified immunity is applicable." Id., at *5.

This Court went on to note that "the Supreme Court made clear in Saucier that in the context of a qualified immunity inquiry, 'the right the official is alleged to have violated must have been 'clearly established' in a more particularized and hence more relevant sense.'" Id.; citing, Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he

8

confronted." Id.  "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id.; [full citations omitted].

As set forth above, the amount of force used by the defendant was objectively reasonable due to the undisputed fact that the plaintiff failed to comply with Officer McLoughlin's request to submit to handcuffing and held his hand out to his side, as noted by non-party witnesses. Officer McLoughlin's ultimate decision to perform a "take down" of the plaintiff and apply pepper spray to apply the handcuffs was made in the context of the Officer's awareness that another member of the police department had been injured while attempting to apprehend a suspect of the same age as the plaintiff.

Even if the Court finds that a question of fact exists as to the reasonableness of the force used, there is no evidence that the law was clearly established that defendant's conduct was unlawful under the circumstances of this case.  In the present case, as noted above, plaintiff was non-compliant with the directives of Officer McLoughlin when he attempted to handcuff him. The officer's training mandates that if verbal commands are unsuccessful and soft hand controls (including grabbing plaintiff's wrists and holding on to them) are unsuccessful, the officer may move to the use of aerosol restraint to obtain compliance.  (See, defendant's Rule 7.1 Statement and citations therein, ¶¶4-12).  While plaintiff denies some of defendant's Rule 7.1 Statement regarding the "use of force continuum" which Officer McLoughlin was trained in, plaintiff does so only in the context that he disagrees that the Officer was effectuating a "lawful arrest" and does not deny that the "use of force continuum" was the proper procedure as per Officer McLoughlin's training in use of force in an arrest situation.  As such, as per Saucier v. Katz, it can hardly be said that it was clear to a reasonable officer in Officer McLoughlin's situation that

his "conduct was unlawful in the situation he was confronted". <u>Saucier v. Katz</u>, *citing* <u>Wilson v. Layne</u>, 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999).  In the present case the law did not put Officer McLoughlin on notice that his conduct was clearly unlawful and the summary judgment based upon qualified immunity is appropriate.  <u>Id.</u>

This Court's decision cited to by plaintiff in <u>Swift v. Mauro</u> does not compel a different conclusion.  <u>Swift v. Mauro</u>, *supra*.  In that case, there was a significant factual discrepancy between the defendant officers' version of the arrest in question and the plaintiff's.  <u>Id.</u>, at *6 - *7.  Here, applying the undisputed facts set forth and summarized more fully in ¶9-10 of the accompanying reply affidavit of John F. Moore, Esq., it is clear that a reasonable police officer could have concluded that the actions taken by Officer McLoughlin *in that situation* were appropriate.  As such defendant's motion for summary judgment should be granted.

DATED:      September 22, 2008

Respectfully Submitted,

RYAN & SMALLACOMBE, PLLC
Attorneys for Defendant – Stephan McLoughlin
John F. Moore, Esq.
Bar Roll No.:  105188
*Office and P.O. Address:*
100 State Street, Suite 800
Albany, New York  12207
Tel. No.:  (518) 449-5501

193.4144/Reply Memo of Law 9-08 -2