UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD J. PICCIANO,

                Plaintiff,                5:07-CV-0781
v.                                                             (GTS/GJD)

STEPHAN McLOUGHLIN,

                Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

GUTTMAN & WALLACE                       RICHARD M. WALLACE, ESQ.
  Counsel for Plaintiff                           HILARY E. WARD, ESQ.
411 North Tioga Street
Ithaca, NY 14850

TOWN, RYAN & PARTNERS, P.C.             JOHN F. MOORE, ESQ.
  Counsel for Defendant                       CLAUDIA A. RYAN, ESQ.
450 New Karner Road
P.O. Box 15072
Albany, NY 12205

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this civil rights action filed by Richard J. Picciano ("Plaintiff") against City of Auburn Police Officer Stephan McLoughlin ("Defendant"), are six pretrial motions *in limine* submitted by Defendant (Dkt. No. 31), and two pretrial motions *in limine* submitted by Plaintiff (Dkt. No. 40). For the reasons set forth below, Defendant's motions are granted in part and denied in part, and Plaintiff's motions are granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Motions *in Limine*

Plaintiff has filed the following two motions *in limine*: (1) a motion to preclude the introduction of evidence related to an incident that occurred on February 4, 2003, involving the assault and injury of Auburn Police Officer Mark Pilipczak; and (2) a motion to preclude the introduction of evidence related to Plaintiff's seven prior criminal arrests and/or convictions. (Dkt. No. 40.)

### B. Defendant's Motions *in Limine*

Defendant has filed the following six motions *in limine*: (1) a motion to preclude the introduction of evidence related to the "Metler Incident"; (2) a motion to permit Defendant to introduce evidence of Plaintiff's 2009 drug conviction for impeachment purposes; (3) a motion to permit Defendant to introduce evidence of Plaintiff's entire criminal history; (4) a motion to preclude Mary Lou Picciano from offering hearsay and/or irrelevant testimony; (5) a motion to (a) preclude Plaintiff from arguing that, pursuant to the relevant Municipal Code, Defendant simply could have seized Plaintiff's skateboard and issued him a ticket in lieu of arresting him, and (b) instruct the jury that they are not to consider the validity of Plaintiff's arrest; and (6) a motion to compel Plaintiff to provide Defendant with releases for disclosure of the trial, plea, district attorney, and department of corrections records regarding Plaintiff's 2009 drug arrest, conviction and imprisonment. (Dkt. No. 31.)

II.     ANALYSIS

   A.     **Whether Defendant May Introduce Evidence Related to Plaintiff's Prior Arrests and Convictions**

In his motion *in limine*, Plaintiff argues that Defendant should be precluded from mentioning his prior criminal history for impeachment purposes pursuant to Fed. R. Evid. 609 because (1) his prior criminal history is not relevant to this civil rights action, (2) his prior criminal history is not probative of truthfulness and/or the prejudicial effect of introducing his criminal history substantially outweighs the probative value, and (3) only his prior alleged conviction for petit larceny involves a crime of dishonesty.[1]

Conversely, Defendant argues in his motion *in limine* that evidence of Plaintiff's 2009 conviction is admissible because (1) the impeachment value of the crime is high, (2) the prior conviction is not too remote in time, (3) the conduct at issue and the conviction sought to be introduced is dissimilar, and (4) Plaintiff's credibility is key to a jury decision. In addition, Defendant argues that evidence of Plaintiff's entire prior criminal history is admissible if Plaintiff testifies about his emotional damages, and in particular his "fear" of police officers that he allegedly suffers from as a result of the incident that occurred on August 4, 2004, which is the subject of this action.

---

[1] The record evidence indicates that Plaintiff was arrested for the following crimes on the following dates: (1) trespassing on November 11, 2004; (2) disorderly conduct on March 15, 2005; (3) harassment and unlawful possession of alcohol on August 13, 2006; (4) petit larceny on March 8, 2008; and (5) unlawful sale of a controlled substance in 2009. The record evidence further indicates as follows: (1) on May 16, 2006, Plaintiff was involved in an incident in which he was stabbed by William Blake; (2) on November 1, 2006, Plaintiff was at a residence where there was a noise complaint involving underage drinking; and (3) sometime in 2009, Plaintiff was convicted of unlawful sale of a controlled substance in the third degree, a Class B felony.

Rule 402 of the Federal Rules of Evidence provides, *inter alia*, that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Plaintiff will inevitably testify at trial about, among other things, his injuries. Therefore, evidence that calls into question his character for truthfulness is relevant.

However, even assuming that evidence of Plaintiff's prior arrests and 2009 conviction is relevant, the Court must still determine whether such evidence is admissible under Fed. R. Evid. 403, 404(b), 608(b), and 609.

### 1. Plaintiff's Prior Arrests and the Stabbing Incident

Rule 403 of the Federal Rules of Evidence provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 404(b) of the Federal Rules of Evidence provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Finally, Rule 608(b) of the Federal Rules of Evidence provides as follows:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

4

As an initial matter, only Plaintiff's arrest for petit larceny involves a crime of dishonesty. Moreover, the Supreme Court has held that an "[a]rrest without more does not . . . impeach the integrity or impair the credibility of a witness." *Michelson v. United States*, 335 U.S. 469, 482 (1948) (holding that "[o]nly a conviction . . . may be inquired about to undermine the trustworthiness of a witness"). As a result, to the extent Defendant seeks to admit evidence of Plaintiff's prior arrests (and/or the stabbing incident) for impeachment purposes, that request is denied.

Having said that, in the event that Plaintiff testifies at trial that he suffered a "fear" of police officers, and/or lost his desire to become a police officer, as a result of the incident of August 4, 2004, which is the subject of this litigation, the Court will permit Defendant to ask Plaintiff whether he has been arrested on more than one occasion since August 4, 2004. This is because his subsequent arrests are probative of Plaintiff's claim for emotional damages, and the probative value of the testimony is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See Ramos v. County of Suffolk*, 707 F. Supp.2d 421, 424 (E.D.N.Y. 2010) (permitting defendant to question plaintiff about whether she had ever been arrested prior to and after the incident that was the subject of the litigation because the fact of the arrest "affected the plaintiff's claim for emotional distress damages," but precluding defendant from "go[ing] into what the reason for the arrest is").

### 2. Plaintiff's Prior Conviction

Rule 609(a)(1) of the Federal Rules of Evidence provides as follows:

> For the purpose of attacking the character for truthfulness of a witness, . . . evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the

>law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.

Rule 609(a)(2) of the Federal Rules of Evidence provides as follows:

>For the purpose of attacking the character for truthfulness of a witness, . . . evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Finally, Rule 609(b) of the Federal Rules of Evidence provides as follows:

>Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Because Plaintiff was released from prison within the past ten years, the ten-year time limit set forth in Fed. R. Evid. 609(b) does not apply. Therefore, the Court must determine whether evidence of Plaintiff's conviction for unlawful sale of a controlled substance is admissible under Fed. R. Evid. 609(a).

Drug crimes are generally not crimes involving dishonesty or false statement. *See Lewis v. Velez*, 149 F.R.D. 474, 481-82 (S.D.N.Y. 1993) ("Neither drug crimes nor assault involve dishonesty or false statement."); *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) ("Drug crimes, however, do not automatically implicate the use of dishonesty or false statements."). When the crime falls within the "uncertain middle category neither clearly covered nor clearly excluded by . . . [Rule 609(a)(2)]," the proffering party must demonstrate

"that [the] particular prior conviction rested on facts warranting the dishonesty or false statement description." *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (barring admission of narcotics importation conviction under Rule 609(a)(2) because government failed to present specific facts that crime involved dishonesty or false statement); *see also United States v. Hastings*, 577 F.2d 38, 41 (8th Cir. 1978) (finding narcotics conviction inadmissible under Rule 609(a)(2) absent showing that conviction rested on facts involving dishonesty or false statement). In this case, Defendant offers no evidence to suggest that Plaintiff's 2009 conviction involved dishonesty or false statement.  Thus, the conviction is not automatically admissible under Rule 609(a)(2).

Nonetheless, the conviction may be admissible under Fed. R. Evid. 609(a)(1) because it was punishable by "imprisonment in excess of one year."[2]  This conviction is therefore subject to the Fed. R. Evid. 403 balancing test imposed by Fed. R. Evid. 609(a)(1).

With regard to Fed. R. Evid. 609(a)(1), because Plaintiff was convicted of a crime punishable by more than one year, and because Plaintiff is not "an accused," evidence of Plaintiff's drug conviction may be admitted unless the Court determines that the "probative value [of the conviction] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  "Courts have often identified four factors that should be considered in balancing probative against prejudicial effect: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the

---

[2] Although it appears from the record that Plaintiff's imprisonment sentence was less than one year, a conviction for unlawful sale of a controlled substance in the third degree is punishable by at least one year imprisonment.  *See* N.Y. Penal Law § 70.70(2)(a)(i).

credibility of the witness." *Brundidge v. City of Buffalo*, 79 F. Supp.2d 219, 226 (W.D.N.Y. 1999) (citations omitted).

With regard to the first factor, although unlawful sale of a controlled substance is not a crime involving dishonesty,[3] some court have found the impeachment value of this crime to be high. *See Brundidge*, 79 F. Supp.2d at 226 (collecting cases). With regard to the second factor, the prior conviction is not remote in time; rather, it occurred within the past year. As such, it is "not so remote as to diminish the probative value." *Id*. With regard to the third factor, Plaintiff's conviction is drug-related, and the conduct at issue involves a civil rights claim. As a result, "the jury will not determine whether [P]laintiff . . . committed additional crimes or harbor criminal tendencies." *Id*. (noting that "[c]ourts have allowed witnesses to be cross-examined on past crimes where the conviction at issue bears no resemblance to the current action"). Finally, with regard to the fourth factor, Plaintiff's credibility is of great importance in this case because his characterization of the events leading up to and after his arrest is markedly different from Defendant's characterization of these events. As a result, "this case will rest on which side the jury finds most credible." *Id*. (noting that, because "the jury's main task will be to determine who is telling the truth. . . . Plaintiff's credibility on the stand and the credibility of her witnesses' are
. . . matters of great importance and outweigh any prejudice that may result").

For these reasons, Defendant may question Plaintiff regarding the nature of his 2009 conviction (i.e. what Plaintiff was convicted of). However, Defendant may not inquire into the substance of the conviction given, among other things, the potential for confusion.

---

[3] *See Lewis,* 149 F.R.D. at 481-82; *Daniels*, 986 F. Supp. at 250.

### B.     Whether Plaintiff May Introduce Evidence of the "Metler Incident"

As stated in Part I.B. of this Decision and Order, Defendant seeks to preclude Plaintiff from introducing evidence about the "Metler Incident," i.e., an incident that occurred on or about July 30, 2004, in which Defendant grabbed Paul Metler, a juvenile, by the "nape of the neck" during his arrest.

In response, Plaintiff argues that evidence pertaining to the Metler Incident should be treated the same way as evidence concerning a teenager's assault of Officer Pilipczak, a City of Auburn police officer (hereinafter the "Pilipczak Incident").

The "Pilipczak Incident" involved a City of Auburn Police Officer who was assaulted by a sixteen-year-old juvenile roughly one and a half years prior to August 4, 2004. As discussed more fully below in Part II.F. of this Decision and Order, Defendant seeks to introduce evidence that, at the time he arrested Plaintiff, he was aware that another Officer Pilipczak had previously been assaulted by a sixteen-year-old boy. Defendant argues that such evidence is admissible because Plaintiff is seeking punitive damages, and therefore his state of mind (i.e., his thoughts leading up to and during his arrest of Plaintiff) is relevant.

The Court agrees that Defendant's state of mind is relevant because it will aid the jury in deciding whether he was acting with evil motive or intent when he arrested Plaintiff. However, to the extent that evidence of Defendant's good faith belief that sixteen-year-old boys may be dangerous is relevant to the issue of Defendant's lack of evil motive (i.e. his state of mind), evidence that Defendant used force to arrest a juvenile less than one week before he arrested Plaintiff is relevant to rebut such an inference (i.e., demonstrating that he had a distaste for juveniles). As a result, for the same reasons that the Court will permit Defendant to introduce evidence of the Pilipczak Incident, discussed more fully below in Part II.F. of this Decision and

Order, the Court will permit Plaintiff to introduce evidence of the Metler Incident. Accordingly, Defendant's motion to preclude Plaintiff from introducing evidence of the Metler Incident is denied.

### C. Whether Mary Lou Picciano May Proffer Hearsay and/or Irrelevant Testimony

As stated above in Part I.B. of this Decision and Order, Defendant seeks to preclude Plaintiff's mother, Mary Lou Picciano, from offering inadmissible testimony, i.e., testimony about conversations she had with various City of Auburn employees.

In response, Plaintiff argues that he does not expect to introduce hearsay or irrelevant testimony by any witness. Plaintiff further argues that, whether a witness's testimony is admissible should be determined on a question-by-question basis.

The Court is unwilling to speculate, pretrial, as to what statements any witness will or will not make during trial. As a result, the Court denies Defendant's motion as premature. Throughout the course of trial, Defendant's counsel may object to statements and/or evidence that he or she believes is inadmissible, and the Court will issue a ruling at that time.

### D. Whether Plaintiff Should Be Precluded from Presenting Evidence that Plaintiff's Arrest Was Improper, and Whether the Court Should Instruct the Jury Not to Consider the Validity of Plaintiff's Arrest

As stated above in Part I.B of this Decision and Order, Defendant seeks to preclude Plaintiff from introducing evidence regarding the propriety of Plaintiff's arrest. Defendant argues that this evidence is irrelevant to Plaintiff's excessive force claim, and highly prejudicial. In addition, Defendant argues that the Court should instruct the jury that they should not consider the validity of Plaintiff's arrest in deciding whether Plaintiff was subjected to excessive force.

In response, Plaintiff argues that (1) an instruction to the jury that they are not to consider the validity of Plaintiff's arrest would be improper, and (2) because the jury should consider the severity of the crime in weighing the necessity of the force used, evidence regarding the propriety of Plaintiff's arrest is relevant.

As an initial matter, the Court agrees with Defendant that the lawfulness of Plaintiff's arrest is not an element of Plaintiff's excessive force claim. Moreover, the ultimate disposition of Plaintiff's arrest is irrelevant to the issue of whether Plaintiff was subjected to excessive force, and is likely to confuse the jury. However, the Court also agrees with Plaintiff that the severity of the crime is a relevant factor for the jury to consider in determining whether the amount of force used was reasonable under the circumstances. *See Carvajal v. Mihalek*, 07-CV-0170, 2009 WL 4729929, at *2 (S.D.N.Y. Dec. 10, 2009) (quoting, *inter alia*, *Saucier v. Katz*, 533 U.S. 194, 205 [2001]) ("Factors relevant to Fourth Amendment excessive force claims include, 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'").

As a result, the Court will permit Plaintiff to introduce evidence of the name of the municipal ordinance that Plaintiff was arrested for violating, as well as evidence of the type of crime that Plaintiff was arrested for committing (i.e., a violation, misdemeanor, or felony). However, Plaintiff will not be permitted to introduce evidence challenging the propriety of Plaintiff's arrest. *See Salahuddin v. Coughlin*, 781 F.2d 24, 27 n.4 (2d Cir. 1986) (noting that a violation of a state law "is not necessarily a denial of [a] constitutional right"). In addition, in order to focus the jury on the relevant inquiry, i.e., whether Plaintiff was subjected to excessive force by Defendant, the Court will also issue the following instruction:

> You have not heard about the disposition of Plaintiff's arrest, and I
> hereby instruct you that you are not to speculate on what that outcome
> may have been.  This is because the ultimate disposition of the
> criminal charges against Plaintiff has nothing to do with the merits of
> Plaintiff's excessive force claim.

### E.   Whether Plaintiff Should Be Compelled to Provide Defendant with Releases for Disclosure of the Trial, Plea, District Attorney, and Department of Corrections Records Regarding Plaintiff's 2009 Drug Arrest, Conviction and Imprisonment

As stated above in Part I.B of this Decision and Order, Defendant seeks an order compelling Plaintiff to provide him with releases for disclosure of the trial, plea, district attorney, and department of corrections records regarding Plaintiff's 2009 drug arrest, conviction and imprisonment.

In response, Plaintiff argues that the records that Defendant seeks would have no tendency to disprove injuries that Plaintiff suffered in 2004, and, even if relevant, the probative value of these materials is substantially outweighed by the potential for prejudice.

As an initial matter, the Court finds that Defendant's request is procedurally improper. At the very latest, Defendant became aware that Plaintiff was incarcerated as a result of his felony drug conviction on August 24, 2010, when Defendant's counsel filed a status report with the Court regarding settlement discussions. (Dkt. No. 29.) Nonetheless, Defendant waited almost two months to file a motion to compel. As a result, the request is denied as untimely. *See* 8a Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § (1994 & Supp.1999) (noting that, "[i]f the moving party has unduly delayed, [a] court may conclude that the motion is untimely").

In addition, and more importantly, the Court has already ruled that Defendant may question Plaintiff regarding the nature of his 2009 conviction, but he may not inquire into the

substance of the conviction. Clearly, Defendant does not need records related to Plaintiff's 2009 drug arrest and conviction in order to ask him whether he was convicted of unlawfully selling a controlled substance, a Class B felony, in 2009. In other words, Defendant has failed to identify a need for this information separate and apart from the need to question Plaintiff about the substance of his conviction, which the Court has already determined is impermissible.

As a result, Defendant's request to have the Court compel Plaintiff to provide releases for records related to his 2009 arrest, conviction and imprisonment is denied.

### F. Whether Defendant Should Be Precluded from Introducing Evidence About a Teenager's Assault of a City of Auburn Police Officer Around the Same Time as the Incident Giving Rise to this Litigation

As stated above in Part I.A. of this Decision and Order, Plaintiff seeks to preclude Defendant from introducing evidence related to the "Pilipczak Incident" (described above in Part II.B. of this Decision and Order). Plaintiff argues that this evidence is irrelevant, and, even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and by considerations of undue delay and waste of time.

In response, Defendant argues that evidence of the Pilipczak Incident is relevant, and its probative value substantially outweighs the potential for prejudice, because (1) Plaintiff is seeking punitive damages, and (2) evidence of Defendant's state of mind is relevant to the issue of whether his use of force was based on an evil motive or intent.

As stated in Part II.B. of this Decision and Order, evidence of the Pilipczak Incident is both relevant and probative of Defendant's state of mind at the time he used force to arrest Plaintiff. As a result, Plaintiff's motion is denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to preclude the introduction of evidence related to his prior criminal arrests and convictions (Dkt. No. 40) is **GRANTED in part** and **DENIED in part** as set forth in Part II.A. of this Decision and Order; and it is further

**ORDERED** that Defendant's motion to permit Defendant to introduce evidence of Plaintiff's 2009 drug conviction for impeachment purposes (Dkt. No. 31) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion to permit Defendant to introduce evidence of Plaintiff's entire criminal history is **GRANTED in part** and **DENIED in part** as set forth in Part II.A.1. of this Decision and Order; and it is further

**ORDERED** that Defendant's motion to preclude the introduction of evidence related to the "Metler Incident" (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED** that Defendant's motion to preclude Mary Lou Picciano from offering hearsay and/or irrelevant testimony (Dkt. No. 31) is **DENIED** without prejudice as premature; and it is further

**ORDERED** that Defendant's motion to preclude Plaintiff from arguing that, pursuant to the relevant Municipal Code, Defendant simply could have seized Plaintiff's skateboard and issued him a ticket in lieu of arresting him (Dkt. No. 31) is **GRANTED in part** and **DENIED in part** as set forth above in Part II.D. of this Decision and Order; and it is further

**ORDERED** that Defendant's motion to instruct the jury that they are not to consider the validity of Plaintiff's arrest (Dkt. No. 31) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion that the Court compel Plaintiff to provide Defendant with releases for disclosure of the trial, plea, district attorney, and department of corrections records regarding Plaintiff's 2009 drug arrest, conviction and imprisonment (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to preclude the introduction of evidence related to the Pilipczak Incident (Dkt. No. 40) is **DENIED**.

Dated: October 28, 2010
Syracuse, NY

_____
Hon. Glenn T. Suddaby
U.S. District Judge