UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD J. PICCIANO,

                Plaintiff,                    5:07-CV-0781
v.                                                              (GTS/GJD)

STEPHAN McLOUGHLIN,

                Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

GUTTMAN & WALLACE                           RICHARD M. WALLACE, ESQ.
  Counsel for Plaintiff                                HILARY E. WILD, ESQ.
411 North Tioga Street
Ithaca, NY 14850

WIGGINS & KOPKO LLP                         EDWARD E. KOPKO, ESQ.
  Counsel for Plaintiff
308 North Tioga Street, 2nd Floor
Ithaca, NY 14850

TOWNE, RYAN & PARTNERS, P.C.           CLAUDIA A. RYAN, ESQ.
  Counsel for Defendant                       JOHN F. MOORE, ESQ.
450 New Karner Road
P.O. Box 15072
Albany, NY 12205

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this civil rights action filed by Richard J. Picciano ("Plaintiff") against City of Auburn Police Officer Stephan McLoughlin ("Defendant"), is Plaintiff's motion for a new trial based on the Court's denial of Plaintiff's pretrial motion *in limine* seeking to exclude evidence of Plaintiff's 2009 conviction for sale of a controlled substance. (Dkt. No. 67.)  For the reasons set forth below, Plaintiff's motion is denied.

In his motion, Plaintiff argues that the Court erred in denying his motion *in limine* because, under Fed. R. Evid. 403 and 404, "the prejudicial effect of the introduction of evidence regarding [Plaintiff's] sale of [a] controlled substance in 2009 was irrelevant and prejudicial to the events that occurred on August 4, 2004, relating to [Plaintiff's] claim of violation of his constitutional right . . . to be free from excessive force during an arrest." (*Id.*)

Post-trial motions seeking a new trial are governed by Fed. R. Civ. P. Rule 59, which provides, in pertinent part, as follows: "The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). "Applying this standard, the Second Circuit has cautioned that ordering a new trial is justified only when the court is convinced that the jury has reached a 'seriously erroneous result' or that the verdict represents a 'miscarriage of justice.'" *Martinez v. Thompson*, 04-CV-0440, 2008 WL 5157395, at *5 (N.D.N.Y. Dec. 8, 2008) (Peebles, M.J.) 5 (quoting *Nimely v. City of New York*, 414 F.3d 381, 390 [2d Cir. 2005]).[1]

"Unlike a motion for JMOL under [Fed. R. Civ. P.] 50(b), when addressing a new trial motion a court is permitted to weigh the evidence presented at trial, and is not necessarily bound

---

[1] In *Martinez*, the Court explained that a motion for a new trial is "tempered" by Fed. R. Civ. P. 61, which provides as follows:

> Unless justice requires otherwise, no error in admitting or excluding evidence–or any other error by the court or a party–is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

*Martinez*, 2008 WL 5157395, at *4 (quoting Fed. R. Civ. P. 61).

to view it in a light most favorable to the non-moving party." *Martinez*, 2008 WL 5157395, at *6 (citing *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133-34 [2d Cir. 1998]).  "A jury's credibility determinations, however, are entitled to great deference, and mere disagreement by the court with a jury's verdict, without more, does not entitle a party to relief under [Fed. R. Civ. P.] 59." *Martinez*, 2008 WL 5157395, at *6 (citing, *inter alia*, *Meiselman v. Byrom*, 207 F. Supp.2d 40, 42 [E.D.N.Y. 2002]).  "A court should generally be indisposed to disturb a jury's verdict on a [Fed. R. Civ. P.] 59 motion unless the verdict is considered to have been egregious." *Martinez*, 2008 WL 5157395, at *6 (internal quotation marks omitted).

    As an initial matter, as the Court noted in its Decision and Order of October 28, 2010, the probative value of Plaintiff's conviction was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. (Dkt. No. 55.)  This is because (1) the impeachment value of the crime of which Plaintiff was convicted was high, (2) the conviction was not remote in time (but rather occurred within the previous year), (3) the conviction bore no resemblance to Plaintiff's civil action, and (4) Plaintiff's credibility was of great importance in the case.  (*Id.*)  As a result, the Court hereby concludes, for the same reasons as stated in its Decision and Order of October 28, 2010, that it did not err in denying Plaintiff's motion to exclude evidence of his 2009 conviction for sale of a controlled substance.

    Furthermore, even assuming, for the sake of argument, that the Court erred in denying Plaintiff's motion to exclude evidence of his 2009 conviction for sale of a controlled substance, it cannot be said, based on the evidence adduced at trial, that the jury reached a "seriously erroneous result" or that the verdict represents a "miscarriage of justice."  For example,

Defendant introduced evidence that (1) he used only the amount of force necessary under the circumstances to effectuate Plaintiff's arrest, and (2) Plaintiff contributed to the use of force necessary by unlawfully resisting arrest.[2]  In addition, Plaintiff's testimony was, at times, inconsistent.[3]

For each of these two alternative reasons, Plaintiff's motion for a new trial is denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for a new trial (Dkt. No. 67) is **DENIED**.

Dated: February 3, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[2]  For example, Defendant McLoughlin testified that he told Plaintiff he was under arrest and "advised [Plaintiff] to place his hands behind his back," which Plaintiff did not do. (McLoughlin Trial Tr. at 21, 42.)  Defendant McLoughlin also testified that Plaintiff "held his right hand out to the side" while McLoughlin was trying to handcuff him, and then walked away from McLoughlin, in an effort to "get away." (*Id*. at 25-26, 43-44.)  Finally, Defendant McLoughlin testified that, while he was on top of Plaintiff on the ground, and before he sprayed Plaintiff with pepper spray, Plaintiff "[p]ushed up towards [him]," and "buck[ed] and turn[ed] . . . to [try to] get away." (*Id*. at 29, 45.)

[3]  For example, Plaintiff testified that Officer McLoughlin told him and his friends to leave, then testified shortly thereafter that Officer McLoughlin "never stated once leave the area," but instead told them "you're not supposed to be there." (Plaintiff Trial Tr. at 22, 26.)  Plaintiff also testified that, when he and his friends initially spoke with Officer McLoughlin, they "told Officer McLoughlin [they] were waiting for a ride . . . from Mike Smart's grandmother," but then testified shortly thereafter that they "didn't have a chance" to tell Officer McLoughlin that Mike Smart's grandmother had already left her home. (*Id*. at 25.)  In addition, Plaintiff testified that he was hit in the right eye six to seven times with Officer McLoughlin's pepper spray can, but he acknowledged that he did not have a visible bruise in or around his eye, and that he did not indicate in the report that he wrote for his mother within days of the incident that he had been hit in the eye (despite providing many other specific details). (*Id*. at 44, 54-55.)